## HOLMAN *vs.* THE STATE OF GEORGIA.

1. When an adjourned term of the superior court is about to convene, and no grand jury has been drawn for the same, and a grand jury is necessary, the judge may in vacation draw such grand jury, and cause the persons drawn to be summoned.
2. The necessity for such drawing may arise from the final discharge of the grand jury serving at the regular term, and from the failure of the judge to draw another before adjourning over.
3. In order to legalize the drawing of a grand jury in vacation, it is not essential that petit jurors should also be drawn at the same time.
4. The drawing, to be legal, is not obliged to take place ten days before the opening of the adjourned term.
5. The court, where the record is silent, or where it suggests as fact something contrary to the fact, may correct the record by an order *nunc pro tunc.*

April 9, 1887.

Jury and Jurors. Practice in Superior Court. Criminal Law. Before Judge FAIN. Whitfield Superior Court. October Adjourned Term, 1886.

Reported in the decision.

W. K. MOORE; T. R. JONES; J. A. GLENN; S. P. MADDOX; B. Z. HERNDON, for plaintiff in error.

CLIFFORD ANDERSON, attorney-general; J. W. HARRIS, Jr., solicitor-general, by R. B. TRIPPE; MORRIS BRANDON, for the State.

BLECKLEY, Chief Justice.

Whitfield superior court, during the second week of the regular October term, adjourned over until December. An order was passed before adjournment, to the effect that parties, witnesses and jurors attending court during that week, should appear at the adjourned court. Before that order was passed, the grand-jury serving during that week had been discharged. About five days before the ad-

journed term was to convene, the judge in vacation drew a grand-jury, and caused it to be summoned.   That grand-jury qualified, and found a true bill against Holman for the offence of murder.   On his arraignment, he pleaded in abatement of the indictment, the disqualification of that grand-jury to find a bill against him, alleging as the grounds of his plea, that the judge could not in vacation draw a grand-jury.; that there was a grand-jury already ordered to appear and serve; that no petit-jurors were drawn at the same time in vacation; and that the drawing took place too late, there not being ten days between the drawing and the time appointed for the grand jurors to appear.   These were the four grounds presented in the plea.   The solicitor-general took issue upon the plea, as to one matter of fact alleged, to-wit : that there was a grand-jury already in existence when the drawing took place; and as to the rest of it he demurred.   The court tried the matter of fact by the record, and found it against the plea; and the demurrer was sustained and the plea stricken.   The prisoner being convicted, there was a motion for a new trial, and in that motion, one of these points was repeated, to-wit: that the petit-jury had not been drawn at the same time as the grand-jury that found the bill; but this was a virtual repetition of the point in the plea, and need not be noticed separately, because it can be disposed of with the others.

1. The question whether a judge in vacation could draw a grand-jury, turns upon the construction of the act of 1873, which is embodied in  section 3942 of the code: "Whenever the session of any court of record in this State shall be prolonged beyond the week or period for which juries were drawn at the close of the preceding term, as by law provided, or the judge anticipates that the same is about to be so prolonged, or from any other cause such court has convened, or is about to convene, and there have been no juries drawn for the same, it shall and may be lawful for such judge to draw juries, so many as may be

necessary for such court, and cause them to be summoned accordingly, in the manner prescribed for drawing juries at the close of the regular terms of such courts respectively."

It is said that a fair construction of this statute would confine the judge of the superior court to drawing juries for special emergencies, just as he would draw them for the regular term; and that this restriction follows from his being required to draw in the same manner prescribed for drawing juries at the close of regular terms. We think that such is not a proper construction of the act; that the power is one conferred upon the judge to be exercised by him either in term or vacation; that when he discovers the emergency exists, no matter for what reason, he can draw the juries, and cause them to be summoned; and that if the jury be organized pursuant to this law, it is a legal jury. This does not collide in any degree with the case of *Finnegan vs. the State*, 57 *Ga.* 427. That case rules simply that there was no way to obtain juries for regular terms of the court except by drawing them under the regular law; that they had to be drawn by the judge during term, or by the jury commissioners out of term. Such is the doctrine of the majority opinion in that case, and it has no application whatever to juries drawn for special emergencies—juries drawn for the adjourned terms or special terms of the court. When an adjourned term of the superior court is about to convene, and no grand-jury has been drawn for the same, and a grand-jury is necessary, the judge may in vacation draw such grand-jury, and cause the persons drawn to be summoned.

2. Nor is it essential that the necessity for such drawing should arise in any particular way, if it exists; the purpose of the act is to prevent a failure of justice by reason of any omission whatever to supply a court with the proper and necessary juries. The necessity for such drawing may arise from the final discharge of the grand-jury serving at the regular term, and from the failure of the judge to draw

another before adjourning over. That makes an emergency just the same as any other omission or casualty whatever, and it would be equally proper for the judge, on discovering the same, to draw the requisite jury.

3. It is an erroneous position altogether to suggest that, because petit-jurors were not drawn at the same time, the grand-jury would be illegal. When petit-juries are necessary, they ought to be drawn; but the statute does not require any to be drawn but such as are necessary; and in this case there was no necessity for drawing any petit-jurors, but the necessity was confined to the grand-jury; and that was all that the act covered. The act did not authorize the drawing of any petit-jurors, because there was no vacancy as to petit-jurors. The necessity was confined to the grand-jury; and it was because of the necessity that the act authorized any drawing to take place at all.

4. Nor was it essential that the drawing should be ten days before the assembling of the adjourned term, but the judge, had he thought proper, could have deferred it until the court was in session. The act expressly provides that it may be done after the court convenes. And we think the power to draw would necessarily be attended with the power to summon and compel appearance; and if there be any ten days question in it, it is between the jurors and the court, and not between persons that happen to be indicted and the law. The provision for serving ten days is doubtless made solely for the purpose of giving the jurors timely notice, in order that they may attend with less inconvenience to themselves. Here, so far as appears, they attended upon the notice that they had, and there is no substantial right of the prisoner involved in the time that they were served.

5. It was insisted that, as the order passed at the regular term required the attendance of the jurors serving the second week, the order was conclusive, and the court had no power to correct it. The court did, in point of fact, pass

an order at the adjourned term declaring that the grand-jury had been discharged finally for the term, before this order requiring attendance, etc. was passed. We think that such a correction was in the power of the court, without any doubt; wherever the record fails to speak the truth, it can be made to speak it at any time. And the second order when passed operated to correct the record, and was a valid order. The court, where the record is silent, or where it suggests as fact something contrary to the fact, may correct the record by an order *nunc pro tunc*. The correction here was to insert the word "traverse" before the word "jurors," so as to make the order read "parties, witnesses, and traverse jurors attending court during the present week, shall appear," etc. There was no error that we can discover in overruling this point.

Judgment affirmed.